IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

CASE NO. 05-12871 MCF

DECKERS CONSTRUCTION INC

Chapter 7

XXX-XX5856

FILED & ENTERED ON 03/31/2010

Debtor(s)

DECISION AND ORDER

This proceeding is before the Court upon the Chapter 7 Trustee's ("Trustee") motion for summary judgment [Dkt. No. 785], Hotel Plaza Las Delicias' ("HPLD") cross motion for summary judgment and opposition to the Trustee's motion [Dkt. No. 801] Trustee's opposition to HPLD motion for summary judgment [Dkt. No. 803] and HPLD Reply to the Trustee's opposition [Dkt. No. 804]. For the reasons set forth below, the Trustee's motion for summary judgment [Dkt. No 785] is DENIED and HPLD's cross motion for summary judgment [Dkt. No. 801] is partially GRANTED.

I. FACTUAL BACKGROUND:

In October 2004, HPLD and Deckers Construction ("Debtor" or "Deckers") executed a construction contract in the amount of $5,423,490.00 for the construction and rehabilitation of the Hotel Plaza Las Delicias in Ponce, Puerto Rico. On February 16, 2005, as required by the construction contract, Deckers requested United Surety & Indemnity Company ("USIC") to issue a Performance and Payment Bond ("Bond") in order to guarantee Deckers' performance and the payment of the labor and materials incorporated to the project for coverage in the amount of $5,423,490.00. On even date, USIC issued the performance, payment and salaries payment guarantee bond number 05101151 to jointly and severally guarantee the

obligations of Deckers under the contract. On February 25, 2005, Deckers paid $56,240.00 from their business checking account to USIC for the issuance of the bond. On March 3, 2005, HPLD paid Deckers $45,134.32 from projects funds to defray the payment of the bond premium.

On October 31, 2005, Deckers filed the captioned bankruptcy proceeding under the provision of Chapter 11 of the Bankruptcy Code. On July 5, 2006, USIC issued an increase rider and charged $7,973.00 in payment and performance bond premiums resulting from change orders increasing the construction contract price to $6,226,724.00. On November 16, 2006, HPLD issued a check for $7,973.00 and paid Deckers' insurance broker, Marsh Saldaña Inc., for the payment of the additional surety bond premium charged by USIC. Deckers ceased performance under the construction contract in November 2006. On April 20, 2007, the parties submitted a "Stipulation for Voluntary Rejection of the Contract and Request for Entry of Partial Judgment" ("Stipulation") that included as Exhibit 1, the settlement agreement [Dkt. No. 37]. In paragraph ten (10) of the stipulation, Debtor rejected the construction contract pursuant to section 365(a) of the Bankruptcy Code. Pursuant to paragraph fifteen (15), both Debtor and HPLD voluntarily extinguished, released, and waived the bond, and agreed that the Stipulation would govern all of their future relations. From there on, HPLD entered in possession and control of the Project and its site. On September 12, 2007, this Court granted the Stipulation filed. [Dkt. No. 446]

On January 24, 2008, after notice and a hearing, the case was converted to Chapter 7. On April 21, 2009, HPLD filed a motion seeking an order from this Court to authorize USIC to return the bond premiums to HPLD [Dkt. No. 728]. On April 27, 2009, USIC filed a motion informing the Court of its willingness to return the bond premiums to HPLD upon Court authorization [Dkt. No. 732]. HPLD reiterated their request [Dkt. No. 733], and the Trustee opposed [Dkt. No. 734].

On September 25, 2009, the Court entered an order declaring this controversy to be a contested matter pursuant to rule 9014 of the Bankruptcy Rules and ordered the filing of a Joint Pre-Trial Report five days prior to the

Pre-Trial Hearing [Dkt. No. 780]. In the meantime, USIC requested authorization to consign the monies with the Court, and requested to be excused from appearing as a party in this contested matter [Dkt. No. 782]. USIC's request was granted and the monies were consigned with the Clerk of the Court [see Dkt. No's 788 and 797]. The Court notes that during 2009, USIC reimbursed HPLD the $7,973.00 premium payment made previously for the bond increase rider, as evinced by a deposit in HPLD's bank account on September 30, 2009. [Exhibit 8, Dkt. No. 800]

On November 4, 2009 the Trustee requested continuance of the pre-trial hearing and filed a statement of uncontested facts and a motion for summary judgment [Dkt. No. 783, 784 and 785]. HPLD filed a cross motion for summary judgment and opposition to Trustee's motion for summary judgment [Dkt. No. 801]. The Trustee opposed HPLD's motion for summary judgment [Dkt. No. 803] and HPLD Replied to the Trustee's opposition [Dkt. No. 804]. The matter is submitted. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

## II. SUMMARY JUDGMENT STANDARD:

Under the Federal Rules of Civil Procedure, Rule 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya &

Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party. In re Rijos, 263 B.R. 382, at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Id.

### III. LEGAL ANALYSIS AND DISCUSSION:

The issues object of this controversy are the return of the bond premiums consigned with the Bankruptcy Court by USIC, and the apparent non compliance with the terms of the stipulation filed between the parties on April 26, 2007. [Dkt. No. 376] and approved by this Court.

The Trustee states that the bankruptcy estate is entitled to the funds because Debtor paid USIC directly. In addition, the Trustee argues that HPLD's rights over the premiums were extinguished by virtue of the stipulation filed and that HPLD's failure to comply with the stipulated terms are grounds for the denial of the motion to withdraw the consigned funds.

On the other hand, HPLD argues that because the amounts were disbursed from HPLD's account to Deckers reimbursing for the payment of the performance bond premiums, that upon cancellation of the contract, HPLD as the owner of the project is entitled to the devolution of the premiums. Also, HPLD argues that in light of the joint stipulation voluntarily rejecting the construction contract under 11 USC § 365 (a), the funds consigned for performance bond premiums are not property of the estate and should be returned to HPLD. We agree.

Section 541 of the Bankruptcy Code specifies the types of property which comprise the debtor's estate. Pursuant to section 541, property of the estate includes "all legal or equitable interests of the debtor in property as of the

commencement of the case." 11 U.S.C. § 541(a)(1). Upon the rejection of an executory contract under section 365 (a), the contract is considered to have been in breach prior to the bankruptcy petition, leaving the nondebtor party to the contract with a general unsecured claim for contract damages. In re Bank Vest Capital Corp., 360 F. 3d 291 (C.A. 1, 2004)

According to the undisputed facts of this case, on February 25, 2005, Deckers paid $56,240.00 from their business checking account to USIC for the issuance of the bond. On March 3, 2005, HPLD paid Deckers $45,134.32 from project funds to defray the payment of the bond premiums.

With these undisputed facts, the court is in a position to conclude that HPLD reimbursed Deckers the monies pertaining to the bond premium and HPLD performed and finished the construction project without Deckers or USIC. Therefore, there is no logical reason to deny HPLD of the reimbursement of these funds. It is clear and unequivocal that HPLD is entitled to the reimbursed portion of the consigned monies. Accordingly, the Trustee's motion for summary judgment is hereby denied and HPLD's motion is partially granted.

In regards to the parties' non compliance with the terms of the stipulation, the Court finds that this controversy has material facts still in dispute. HPLD's obligation on the payment of supplies, laborers and materialman and the Trustee's obligation to supply HPLD with information over the payments made and the services contracted are still contested matters. Therefore, the Court will bifurcate this matter and entertain it separately.

Having determined that the funds are not property of the estate and that HPLD has a proprietary interest in the funds, this court concludes that HPLD has established the right to receive the reimbursement of the bond premiums consigned with the court.

WHEREFORE, IT IS ORDERED that the Trustee's motion for summary judgment shall be, and it hereby is, DENIED and HPLD's cross motion for summary judgment is herby partially GRANTED. HPLD is hereby authorized to withdraw $45,134.32 from the funds consigned with the Clerk of the Bankruptcy Court by United Surety &

Indemnity Company on November 25, 2009, Dkt. No. 797. The Chapter 7 Trustee is authorized to withdraw the remainder $11,105.68 for the benefit of the bankruptcy estate. The Court bifurcates the controversy regarding non compliance with the terms of the Stipulation filed on April 20, 2007, Dkt. No. 37.  The Clerk's Office shall schedule a Pre-Trial Hearing on that issue. Parties are ordered to file any amendments to the Joint Pre-Trial Report seven (7) days prior to the hearing.

**SO ORDERED.**

**Ponce, Puerto Rico, this 31 day of March, 2010.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**C:      DEBTOR**
**HECTOR R CUPRILL**
**WILFREDO  SEGARRA MIRANDA**
**ANGEL F. CABAN**
**HOTEL PLAZA LAS DELICIAS, INC.**